IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

    Plaintiff,

  v.

GREGORY J. SAMUEL,

    Defendant.
                                         /

No. CR 01-40208 CW

ORDER DENYING DEFENDANT'S MOTION FOR REDUCTION OF SENTENCE

    Defendant Gregory J. Samuel, represented by counsel, moves for a reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2) and U.S.S.G. § 1B1.10 based on the Sentencing Commission's recent amendment to U.S.S.G. § 2D1.1 which lowered the base offense levels applicable to cocaine base offenses.  Plaintiff opposes the motion. Defendant has not filed a reply.  The matter was taken under submission on the papers.  Having considered all the papers filed by the parties, the Court DENIES the motion for reduction of sentence.

BACKGROUND

    On February 10, 2003, Defendant entered into a written Rule 11(c)(1)(C) plea agreement.  Defendant plead guilty to Count One, possession with intent to distribute cocaine base and marijuana;

Count Three, possession of a firearm in furtherance of a drug trafficking crime; Count Four, possession of a firearm by a felon; and Count Six, possession with intent to distribute cocaine base and marijuana within 1,000 feet of a school.  The plea agreement stipulated that the offense level was twenty-seven, the criminal history was VI, and the sentence should be 120 months, the low end of that guideline range, plus the statutorily required sixty month consecutive sentence on Count Three.  The Pre-sentence Report (PSR) instead found the offense level to be twenty-five, which would have resulted in a low end of 110 months, but found a low end of 120 months, based on the erroneous view that Count Six carried a mandatory minimum sentence of 120 months.  In their sentencing memoranda, the parties accepted the PRS's calculations.

## LEGAL STANDARD

Title 18 U.S.C. § 3582(c)(2) provides:

> In the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has been subsequently lowered by the Commission . . . the court may reduce the term of imprisonment after considering the factors set forth in section 3553(a) to the extent applicable if such reduction is consistent with the applicable policy statement of the Sentencing Commission.

Whether to grant a reduction lies within the discretion of the court.  United States v. Ragland, __ F. Supp. 2d ___, 2008 WL 2938662, *2 (D.D.C.).  In determining whether, and to what extent, a reduction in a defendant's term of imprisonment is warranted, the court shall determine the amended guideline range and apply it as if it had been in effect at the time the defendant was sentenced.  Id. at *3 (citing U.S.S.G. § 1B1.10(b)(1)).

United States Sentencing Guideline § 1B1.10 provides that,

where the guideline range applicable to a defendant has subsequently been lowered as a result of an amendment to the Guidelines listed in U.S.S.G. § 1B1.10(c), a reduction in the defendant's term of imprisonment is authorized under 18 U.S.C. § 3582(c)(2). However, if none of the amendments apply, a reduction in a defendant's sentence is not authorized.

## DISCUSSION

At issue is the 2007 amendment to the Sentencing Guidelines which lowered the penalties for most crack cocaine offenses by two levels. See U.S.S.G. App. C, Supp. Amend. 706, U.S.S.G. § 2D1.1. The parties agree that this amendment applies retroactively. Defendant argues that the amended sentencing range for his drug offenses is now ninety-two months to 115 months and, thus, his sentence should be reduced to ninety-two months for the drug counts.

Citing Federal Rule of Criminal Procedure 11(c)(1)(C), Plaintiff argues that Defendant's sentence should not be reduced because it was based on the parties' express stipulation in the plea agreement, and not on the guideline range. The language of Rule 11(c)(1)(C) provides that the parties' stipulation to a sentencing range in a plea agreement binds the court once the court accepts the plea agreement.

The parties cite no Ninth Circuit decisions addressing whether a sentence resulting from a Rule 11(c)(1)(C) plea agreement may be reduced pursuant to § 3582(c)(2).

In United States v. Pacheco-Navarette, 432 F.3d 967, 971 (9th Cir. 2005), the court addressed a challenge, under United States v. Booker, 543 U.S. 220 (2005)(holding that Sentencing Guidelines are

3

advisory) and <u>United States v. Ameline</u>, 409 F.3d 1073, 1074 (9th Cir. 2005)(providing procedure for <u>Booker</u> challenges), to a sentence which upwardly departed from the Sentencing Guidelines but was stipulated in a Rule 11(c)(1)(C) plea agreement.  The court stated that, under Federal Rule of Criminal Procedure 11(c)(1)(C), "the district court is not permitted to deviate from the sentences stipulated in such agreements."  <u>Id.</u> at 971.  The court stated that the fact that "the plea agreements stipulated (and the district court evaluated) upward departures is inapposite because the stipulated sentences were not based on the Guidelines . . . . A sentence imposed under a Rule 11(c)(1)(C) plea arises directly from the agreement itself, not from the Guidelines . . .  As <u>Booker</u> is concerned with sentences arising under the Guidelines, it is inapplicable in this situation."  <u>Id.</u> (citing <u>United States v. Cieslowski</u>, 410 F.3d 353, 364 (7th Cir. 2005)).  In <u>United States v. Bride</u>, 2008 WL 2782688, *2 (W.D. Wash.), the district court applied this reasoning to a § 3582(c)(2) challenge to a sentence imposed under a Rule 11(c)(1)(C) plea agreement, holding that such a sentence may not be reduced because it arises from the agreement itself, not from the Guidelines.  <u>See</u> <u>also</u> <u>United States v. Trujeque</u>, 100 F.3d 869, 871 (10th Cir. 1996) (district court must dismiss without considering the merits of § 3583(c)(2) motion to reduce sentence based on a valid Rule 11(c)(1)(C) plea agreement).

  While the parties' decision to reach the plea agreement may have been influenced by their understanding of the applicable guidelines, or by their understanding of the mandatory minimum, it may have been influenced by many other factors.  The Court accepted the agreement and it is not clear that the Court could deviate from

4

it now.  However, the Court denies the motion for another reason.

Plaintiff also argues that Defendant's sentence should not be reduced because, even under the amendment, Defendant's sentence would not be different.  The Probation office has submitted a "Reduction of Sentence Report" which supports Plaintiff's position.  Defendant has not responded to this argument.  Even though the guideline range for Counts One and Six, which is based on crack cocaine, has changed, the guideline range for Count Four, felon in possession of a firearm, is unchanged.  According to the PSR, the guideline range for Count Four was based on an adjusted offense level of twenty-five, PSR at ¶¶ 26-36, which has not changed.  The guideline range for offense level twenty-five together with Defendant's criminal history category of VI is 110 to 137 months.  Because Counts One and Six are grouped with Count Four, and the highest offense level for the group is twenty-five, Defendant's guideline range is 110 to 137 months.

Because Defendant's sentence was not based on a sentence range that has been lowered by the Commission, he is not eligible for a sentence reduction under U.S.S.G. § 1B1.10.  See United States v. Townsend, 98 F.3d 510, 513 (9th Cir. 1996) (affirming denial of § 3582(c)(2) motion when amendment had no effect on defendant's sentencing range).

Citing Von Moltke v. Gullies, 332 U.S. 708 (1948), Defendant argues that his plea agreement is invalid because he was not advised that the mandatory minimum sentence on Count Six was 120 months.  This argument is not properly brought in a motion to reduce sentence under § 3582(c)(2) which only provides jurisdiction to reduce a sentence due to a guideline reduction; it might

5

1  properly be brought only in a motion to vacate, set aside, or
2  correct a sentence under 28 U.S.C. § 2255.[1]
3                              CONCLUSION
4      Accordingly, Defendant's motion for reduction of sentence is
5  DENIED.
6      IT IS SO ORDERED.

8  Dated: 10/22/08                    _____
9                                     CLAUDIA WILKEN
                                      United States District Judge

11 cc:  U.S. Probation

---

[1] The Court does not imply that such a motion should be brought or would be timely or well-taken.  Count Six did not carry a mandatory minimum sentence of 120 months.

6

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

USA,

        Plaintiff,

  v.

SAMUEL,

        Defendant.
                                          /

Case Number: CR01-40208 CW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on October 22, 2008, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Roger William Patton
Patton Wolan Boxer
1814 Franklin Street, Suite 501
Oakland, CA 94612

Wade Maxwell Rhyne
Department of Justice
United States Attorney's Office
1301 Clay Street, Suite 340S
Oakland, CA 94612

Gregory J. Samuel
#95709-011
FCI
3600 Guard Road
Lompoc, CA 93436

Dated: October 22, 2008

                                      Richard W. Wieking, Clerk
                                      By: Sheilah Cahill, Deputy Clerk