United States District Court
For the Northern District of California

1

2

3                    IN THE UNITED STATES DISTRICT COURT

4               FOR THE NORTHERN DISTRICT OF CALIFORNIA

5

6

7  UNITED STATES OF AMERICA,                    No. CR 01-40208 CW

8            Plaintiff,                         ORDER FOR BRIEFING
                                                AFTER REMAND AND
9       v.                                      REFERRAL TO OFFICE
                                                OF FEDERAL PUBLIC
10 GREGORY JEROME SAMUEL,                       DEFENDER TO LOCATE
                                                COUNSEL TO
11           Defendant.                         REPRESENT
                                                DEFENDANT
12 _____/

13

14      On November 4, 2008, Defendant Gregory Jerome Samuel appealed

15 this Court's denial of his motion to reduce his sentence pursuant

16 to 18 U.S.C. § 2582(c)(2).  The Court denied the motion, in part,

17 because it was based on a plea agreement under Federal Rule of

18 Criminal Procedure § 11(c)(1)(C).  On June 23, 2011, in Freeman v.

19 United States, 131 S.Ct. 2685, 2695 (2011), the United States

20 Supreme Court held that defendants who enter into plea agreements

21 under Rule 11(c)(1)(C) may be eligible for relief under

22 § 2582(c)(2).  On November 28, 2011, in light of the government's

23 confession of error, the Ninth Circuit granted the government's

24 motion to remand for further proceedings so that this Court could

25 consider Defendant Gregory Jerome Samuel's motion for reduction of

26 sentence.

27      This matter is referred to the Office of the Federal Public

28 Defender which shall locate counsel to represent Defendant.  The

**United States District Court**
For the Northern District of California

1 Federal Public Defender shall determine whether A. J. Kutchins is

2 available to accept appointment because he represented Defendant

3 on appeal.  After defense counsel has been appointed, given the

4 intervening change in the controlling law and the government's

5 confession of error, the parties are ordered to meet and confer in

6 an attempt to reach a stipulation as to Defendant's sentence.

7 They shall file any such stipulation by January 19, 2012.  If the

8 parties cannot agree to Defendant's sentence, the Court sets the

9 following briefing schedule.  The Court considers Defendant's July

10 18, 2008 Motion for Retroactive Application of Sentencing

11 Guidelines to Crack Cocaine Offense (Docket No. 56) to be his

12 renewed motion for a sentence reduction.  The government's

13 response to the renewed motion is due on January 26, 2012.

14 Defendant's reply is due two weeks thereafter.  The matter will be

15 taken under submission and decided on the papers.

17     IT IS SO ORDERED.

19 Dated: 12/7/2011

CLAUDIA WILKEN
United States District Judge

2